**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10429 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00796-SPL |
| v. | |
| ROBERTO CARLOS LOPEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven P. Logan, District Judge, Presiding

Submitted November 15, 2017[**]

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Roberto Carlos Lopez appeals from the district court's judgment and

challenges the 84-month sentence imposed following his guilty-plea conviction for

possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B),

(b)(2), and 2256.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lopez contends that at sentencing, the district court procedurally erred by referring to 20,000 victims, rather than 20,000 images, and by failing to explain why it imposed a sentence greater than the sentences imposed in unrelated cases. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court understood that Lopez possessed over 20,000 images and simply misspoke when it referred to 20,000 victims. Moreover, the district court adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). It was not required to address each sentencing disparity alleged by Lopez. *See United States v. Treadwell*, 593 F.3d 990, 1012 (9th Cir. 2010).

Lopez also argues that his sentence is substantively unreasonable in light of the lower sentences recommended by the probation office and by the government, and in light of the alleged disparity between his sentence and the sentences of similarly situated defendants. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The district court took account of disparity concerns and imposed a below-Guidelines sentence that is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**